E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
  & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>MIGUEL HERNANDEZ CRUZ,<br><br>         Defendant. | No. CR 21-388-JFW-1<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MIGUEL HERNANDEZ CRUZ |

1.   This constitutes the plea agreement between Miguel Hernandez Cruz ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

1   Indictment in <u>United States v. Miguel Hernandez Cruz, et al.</u>, CR No.

2   21-388-JFW, which charges defendant with conspiracy to import

3   methamphetamine in violation of 21 U.S.C. §§ 963, 952, 960(a)(1),

4   (b)(1)(H).

5          b.   At the earliest opportunity requested by the USAO and

6   provided by the Court, appear and plead guilty to count one of the

7   Indictment in <u>United States v. Miguel Hernandez Cruz, et al.</u>, CR No.

8   21-475-GW, which charges defendant with conspiracy to distribute

9   methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1),

10  (b)(1)(A), attached hereto as Exhibit A (the "21-475-GW Action").

11         c.   Not contest facts agreed to in this agreement.

12         d.   Abide by all agreements regarding sentencing contained

13  in this agreement.

14         e.   Appear for all court appearances, surrender as ordered

15  for service of sentence, obey all conditions of any bond, and obey

16  any other ongoing court order in this matter.

17         f.   Not commit any crime; however, offenses that would be

18  excluded for sentencing purposes under United States Sentencing

19  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

20  within the scope of this agreement.

21         g.   Be truthful at all times with the United States

22  Probation and Pretrial Services Office and the Court.

23         h.   Pay the applicable special assessment at or before the

24  time of sentencing unless defendant has demonstrated a lack of

25  ability to pay such assessments.

26                        <u>THE USAO'S OBLIGATIONS</u>

27      3.   The USAO agrees to:

28         a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, subject to any applicable mandatory minimum, provided that the offense level used by the Court to determine that range is 37 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

e.   Recommend that the sentence imposed with respect to the 21-475-GW Action be concurrent with the sentence imposed in this action.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to import methamphetamine, in violation of Title 21, United States Code, Sections 963, 952, 960(a)(1), the following must be true: (1) there was an agreement between two or more persons to import methamphetamine; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to knowingly and intentionally import at least 50 grams of methamphetamine.  Defendant admits that defendant, in fact, conspired to knowingly and intentionally import at least 50 grams of methamphetamine, as described in count one of the indictment.

<u>PENALTIES</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 963, 952, 960(a)(1), (b)(1)(H), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 963, 952, 960(a)(1), (b)(1)(H) is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

8.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that

4

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and

that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

12.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing to on or about January 19, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant conspired with co-conspirator 1 and co-conspirator 2, and others, to knowingly and intentionally import over 50 grams of methamphetamine, a schedule II controlled substance, from Mexico into the United States.

Specifically, on or about January 8, 2018, using coded language in text messages, co-conspirator 2 agreed to work as a drug courier for defendant and to import methamphetamine from Mexico into the United States.  On or about January 11, 2018, co-conspirator 2 crossed into Mexico in a vehicle that defendant had provided to co-conspirator 2 so that co-conspirator 2 could import methamphetamine. On January 13, 2018, after defendant's co-conspirators loaded co-

conspirator 2's vehicle with methamphetamine in Mexico, co-conspirator 2 returned to the United States.  Co-conspirator 2 then met with co-conspirator 1 at defendant's residence in Sylmar, California where the methamphetamine was unloaded from the vehicle.

On or about January 19, 2018, in furtherance of the conspiracy, co-conspirator 2 entered the United States in a vehicle that had been loaded with methamphetamine by co-conspirators in Mexico.  As co-conspirator 2 drove to meet defendant in Sylmar, California, he texted defendant in coded language that there were at least 50 pounds of methamphetamine in the vehicle.  Defendant admits that he conspired to import at least 50 pounds of actual methamphetamine from Mexico into the United States.

<u>SENTENCING FACTORS</u>

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

14.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

```
    Base Offense Level:              38  [U.S.S.G. §§ 2D1.1(a)(5),
                                             (c)(1)]

                                     +2  [U.S.S.G. § 2D1.1(b)(5)]
```

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.   Defendant agrees that, provided the Court, subject to any applicable mandatory minimum sentence, imposes a term of imprisonment within or below the range corresponding to an offense level of 37 and

the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 37 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

28.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

/s/

SAMUEL J. DIAZ                               6/13/2023
Assistant United States Attorney    Date

MIGUEL HERNANDEZ CRZU                6/5/23
Defendant                            Date

RONALD HEDDING                       6/5/23
Attorney for Defendant MIGUEL        Date
HERNANDEZ CRUZ

13

## CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        6/5/23
MIGUEL HERNANDEZ CRUZ                     Date
Defendant


## CERTIFICATION OF INTERPRETER

I, Julie Drucker , am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant MIGUEL HERNANDEZ CRUZ on this date.

_____        6/5/23
INTERPRETER                              Date

14

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2     I am MIGUEL HERNANDEZ CRUZ's attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is informed and voluntary; and the factual basis set forth

14 in this agreement is sufficient to support my client's entry of a

15 guilty plea pursuant to this agreement.

16

17 RONALD HEDDING            6/5/23
Attorney for Defendant MIGUEL    Date

18 HERNANDEZ CRUZ

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
  & Racketeering Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3045
      Facsimile: (213) 894-6269
      E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-475-GW-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MIGUEL HERNANDEZ CRUZ |
| v. | |
| MIGUEL HERNANDEZ CRUZ, | |
| Defendant. | |

1.    This constitutes the plea agreement between Miguel Hernandez Cruz ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

1   indictment in <u>United States v. Miguel Hernandez Cruz, et al.</u>, CR No.

2   21-475-GW, which charges defendant with conspiracy to distribute

3   methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1),

4   (b)(1)(A).

5   　　　　b.   At the earliest opportunity requested by the USAO and

6   provided by the Court, appear and plead guilty to count one of the

7   Indictment in <u>United States v. Miguel Hernandez Cruz, et al.</u>, CR No.

8   21-388-JFW, which charges defendant with conspiracy to import

9   methamphetamine in violation of 21 U.S.C. §§ 963, 952, 960(a)(1),

10  (b)(1)(H), attached hereto as Exhibit A (the "21-388-JFW Action").

11  　　　　c.   Not contest facts agreed to in this agreement.

12  　　　　d.   Abide by all agreements regarding sentencing contained

13  in this agreement.

14  　　　　e.   Appear for all court appearances, surrender as ordered

15  for service of sentence, obey all conditions of any bond, and obey

16  any other ongoing court order in this matter.

17  　　　　f.   Not commit any crime; however, offenses that would be

18  excluded for sentencing purposes under United States Sentencing

19  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

20  within the scope of this agreement.

21  　　　　g.   Be truthful at all times with the United States

22  Probation and Pretrial Services Office and the Court.

23  　　　　h.   Pay the applicable special assessment at or before the

24  time of sentencing unless defendant has demonstrated a lack of

25  ability to pay such assessments.

26  　　3.   Defendant further agrees:

27  　　　　a.   To forfeit all right, title, and interest in and to

28  any and all monies, properties, and/or assets of any kind, derived

from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.    $49,873 in U.S. Currency seized on September 23, 2021 from defendant's residence in Sylmar, California (the "Forfeitable Property").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

c.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

f.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

3

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

j.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

1                        THE USAO'S OBLIGATIONS

2        4.   The USAO agrees to:

3             a.   Not contest facts agreed to in this agreement.

4             b.   Abide by all agreements regarding sentencing contained

5    in this agreement.

6             c.   At the time of sentencing, move to dismiss the

7    remaining counts of the indictment as against defendant.  Defendant

8    agrees, however, that at the time of sentencing the Court may

9    consider any dismissed charges in determining the applicable

10   Sentencing Guidelines range, the propriety and extent of any

11   departure from that range, and the sentence to be imposed.

12            d.   At the time of sentencing, provided that defendant

13   demonstrates an acceptance of responsibility for the offense up to

14   and including the time of sentencing, recommend a two-level reduction

15   in the applicable Sentencing Guidelines offense level, pursuant to

16   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

17   additional one-level reduction if available under that section.

18            e.   Recommend that defendant be sentenced to a term of

19   imprisonment no higher than the low end of the applicable Sentencing

20   Guidelines range, provided that the offense level used by the Court

21   to determine that range is 37 or higher and provided that the Court

22   does not depart downward in offense level or criminal history

23   category.  For purposes of this agreement, the low end of the

24   Sentencing Guidelines range is that defined by the Sentencing Table

25   in U.S.S.G. Chapter 5, Part A.

26            f.   Except for criminal tax violations (including

27   conspiracy to commit such violations chargeable under 18 U.S.C.

28   § 371), not further criminally prosecute defendant for violations of

                                    5

18 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 13 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

g.   Recommend that the sentence imposed with respect to the 21-388-JFW Action be concurrent with the sentence imposed in this action.

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), the following must be true: (1) within the dates specified in the Indictment, there was an agreement to knowingly and intentionally distribute methamphetamine; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

6.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute at least 50 grams of actual

methamphetamine.  Defendant admits that defendant, in fact, conspired
to distribute at least 50 grams of methamphetamine.

PENALTIES

7.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 21, United States
Code, Sections 846, 841(a)(1), (b)(1)(A), is: life imprisonment; a
lifetime period of supervised release; a fine of $10,000,000 or twice
the gross gain or gross loss resulting from the offense, whichever is
greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory mandatory minimum
sentence that the Court must impose for a violation of Title 21,
United States Code, Sections 846, 841(a)(1), (b)(1)(A) is: ten years'
imprisonment, followed by a five-year period of supervised release,
and a mandatory special assessment of $100.

9.   Defendant understands that under 21 U.S.C. § 862a,
defendant will not be eligible for assistance under state programs
funded under the Social Security Act or Federal Food Stamp Act or for
federal food stamp program benefits, and that any such benefits or
assistance received by defendant's family members will be reduced to
reflect defendant's ineligibility.

10.   Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his/her attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From approximately June 2021 through August 2021, in the San Fernando Valley, within Los Angeles County and Central District of California, defendant agreed with a coconspirator described in the indictment to sell methamphetamine, a schedule II controlled substance, to a person defendant and the co-defendant believed to be a methamphetamine customer, but who was in fact an undercover law enforcement officer (the "UC").

In furtherance of this conspiracy, defendant committed the following overt acts:

On or about July 14, 2021, after the co-defendant had arranged to sell about three pounds of methamphetamine to the UC, defendant provided approximately three pounds, that is, approximately 1,278 grams, of methamphetamine to the co-defendant so that the co-defendant could sell it to the UC.

On or about August 3, 2021, after the co-defendant had arranged to sell about six pounds of methamphetamine to the UC, defendant

provided approximately six pounds, that is, approximately 2,587 grams, of methamphetamine to the co-defendant so that the co-defendant could sell it to the UC.

Further, on September 23, 2021, at his home in Sylmar, California, within the Central District of California, defendant knowingly possessed with the intent to distribute four vacuum sealed brown bundles containing approximately 1,758 grams of methamphetamine, clear plastic bundles containing M-30 pills containing approximately 1,653 grams of fentanyl, a CZ P-10 9mm handgun with serial number C181534, a Lorcin-brand handgun, an AR-15 style rifle with serial number 1141, and assorted magazines and ammunition.  In addition, defendant knowingly possessed $49,873 in U.S. Currency, which constituted drug trafficking proceeds.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:      38 [U.S.S.G. §§ 2D1.1(a)(5), (c)(1)]

                         +2 [U.S.S.G. § 2D1.1(b)(1)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

     d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e.   The right to confront and cross-examine witnesses against defendant.

     f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

20.  Defendant agrees that, provided the Court, subject to any applicable mandatory minimum sentence, imposes a term of imprisonment within or below the range corresponding to an offense level of 37 and

the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 37 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

13

claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23. Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will be
released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached. All of defendant's obligations
are material, a single breach of this agreement is sufficient for the

14

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1  evidence derived from the statements should be suppressed or are

2  inadmissible.

3        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4                        OFFICE NOT PARTIES

5        27.  Defendant understands that the Court and the United States

6  Probation and Pretrial Services Office are not parties to this

7  agreement and need not accept any of the USAO's sentencing

8  recommendations or the parties' agreements to facts or sentencing

9  factors.

10       28.  Defendant understands that both defendant and the USAO are

11 free to: (a) supplement the facts by supplying relevant information

12 to the United States Probation and Pretrial Services Office and the

13 Court, (b) correct any and all factual misstatements relating to the

14 Court's Sentencing Guidelines calculations and determination of

15 sentence, and (c) argue on appeal and collateral review that the

16 Court's Sentencing Guidelines calculations and the sentence it

17 chooses to impose are not error, although each party agrees to

18 maintain its view that the calculations in paragraph 15 are

19 consistent with the facts of this case.  While this paragraph permits

20 both the USAO and defendant to submit full and complete factual

21 information to the United States Probation and Pretrial Services

22 Office and the Court, even if that factual information may be viewed

23 as inconsistent with the facts agreed to in this agreement, this

24 paragraph does not affect defendant's and the USAO's obligations not

25 to contest the facts agreed to in this agreement.

26       29.  Defendant understands that even if the Court ignores any

27 sentencing recommendation, finds facts or reaches conclusions

28 different from those agreed to, and/or imposes any sentence up to the

                                16

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

/s/                                                     6/5/23
_____        _____
SAMUEL J. DIAZ                                          Date
Assistant United States Attorney

_____        _____
MIGUEL HERNANDEZ CRUZ                                   Date
Defendant

_____        _____
RONALD HEDDING                                          Date
Attorney for Defendant MIGUEL
HERNANDEZ CRUZ

## CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     6/5/23
MIGUEL HERNANDEZ CRUZ               Date
Defendant

1

2
                    CERTIFICATION OF INTERPRETER

   I, _Julie Drucker_____, am fluent in the written and spoken

3  English and Spanish languages.  I accurately translated this entire

4  agreement from English into Spanish to defendant MIGUEL HERNANDEZ

5  CRUZ on this date.

6
   _____        __6/5/23_____
7  INTERPRETER                               Date

8

9
                    CERTIFICATION OF DEFENDANT'S ATTORNEY
10
     I am MIGUEL HERNANDEZ CRUZ's attorney.  I have carefully and
11
   thoroughly discussed every part of this agreement with my client.
12
   Further, I have fully advised my client of his rights, of possible
13
   pretrial motions that might be filed, of possible defenses that might
14
   be asserted either prior to or at trial, of the sentencing factors
15
   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
16
   provisions, and of the consequences of entering into this agreement.
17
   To my knowledge: no promises, inducements, or representations of any
18
   kind have been made to my client other than those contained in this
19
   agreement; no one has threatened or forced my client in any way to
20
   enter into this agreement; my client's decision to enter into this
21
   agreement is an informed and voluntary one; and the factual basis set
22
   forth in this agreement is sufficient to support my client's entry of
23
   a guilty plea pursuant to this agreement.
24

25 _____        __6/5/23_____
   RONALD HEDDING                            Date
26 Attorney for Defendant MIGUEL
   HERNANDEZ CRUZ
27

28

                                  20